IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALVIN ORTIZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-315 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS PETITION
### FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ALVIN ORTIZ. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition is not timely filed and should therefore be DISMISSED.

I.
PROCEDURAL HISTORY

According to Ortiz's petition, on September 3, 2002, he pled guilty to aggravated assault with a deadly weapon, in cause number 45,111 out of the 251st Judicial District Court for Potter County, Texas. He was sentenced to fourteen years of incarceration. The judgment was affirmed on direct appeal in October 2003. *Ortiz v. State*, Nos. 07-02-0391-CR, 07-02-0392-CR, 2003 WL 22327203 (Tex. App.—Amarillo 2006, pet. ref'd 2006).

Petitioner did not timely apply for a petition for discretionary review (PDR), but, in October 2004 filed an application for state habeas corpus relief, requesting permission to file an out-of-time appeal based on his appellate counsel's failure to notify him that the intermediate state appellate court had affirmed his conviction. The Texas Court of Criminal Appeals granted the application, issuing the following order on May 10, 2006:

> The proper remedy in a case such as this is to return Applicant to the point at which he can file a petition for discretionary review . . . For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had been rendered on the day the mandate of this Court issues. We hold that should Applicant desire to seek discretionary review, he must take affirmative steps to see that his petitions are filed in the Court of Appeals within thirty days after the mandate of this Court has issued.

*Ex parte Ortiz*, Nos. AP-75,401, AP-75,402, 2006 WL 1248439 (Tex. Crim. App. 2006). Mandate issued on June 5, 2006. In August 2006, Ortiz applied for a PDR. That petition was refused on December 13, 2006. Petitioner did not appeal the denial of PDR to the United States Supreme Court.

According to the website maintained by the Texas Court of Criminal Appeals, following the denial of PDR, petitioner filed the following state applications for habeas corpus relief based on cause number 45,111:[1]

| | | |
|---|---|---|
| WR-60,773-04: | filed May 31, 2007[2] | Denied without written order August 1, 2007 |
| WR-60,773-06: | filed March 27, 2008 | Dismissed May 21, 2008 |
| WR-60,773-07: | filed July 30, 2009 | Dismissed September 30, 2009 |

---

[1] Petitioner apparently received two convictions in September 2002. One for assault on a family member (in cause number 45,112) and one for aggravated assault with a deadly weapon (in cause number 45,111). Petitioner received a seven-year sentence on cause number 45,112, and has presumably since discharged the sentence. Whatever the reason, Ortiz only challenges cause number 45,111 by the instant petition. Therefore, only the procedural history of cause 45,111 is discussed in this Report and Recommendation.

[2] These dates were entered on iDocket, which is an automated docketing system used by Potter County to track cases and relied upon by this Court in its determination of the dates involved in the instant case.

On December 18, 2009, petitioner filed the instant federal habeas corpus petition.

## II.
## PETITIONER'S GROUNDS OF ERROR

In his petition, Ortiz appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner's conviction was obtained in violation of the Double Jeopardy Clause.

2. Petitioner's conviction was obtained in violation of the Due Process Clause. Petitioner contends evidence indicating his innocence was suppressed.

3. Newly discovered evidence in the form of the complainant's recantation affidavit establishes petitioner's innocence.

4. Petitioner received ineffective assistance of counsel because his attorney did not convey a plea bargain recommendation.

5. Petitioner's guilty plea was made without a full understanding of the consequences.

## III.
## STATUTE OF LIMITATIONS

*A. One Year Filing Deadline*

Title 28 U.S.C. section 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. section 2244(d)(2) further provides:

>   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

When applying this section to the instant petition, the Court must consider two important interpretations of above-listed rules. First, regarding section 2244(d)(1)(A),

>   where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Jimenez v. Quarterman*, 129 S.Ct. 681, 686-87, 172 L.Ed.2d 475 (2009).

Second, regarding section 2244(d)(2), an application for state post-conviction relief is "properly filed" if it is "submitted according to the state's procedural requirements. *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999). Even if a state application for habeas corpus relief is dismissed as successive, it is considered properly filed for section 2244(d)(2) time calculation purposes. *Id.* at 470.

### B. The Time Line in Petitioner's Case Under Section 2244(d)(1)(A)

The state intermediate appellate court affirmed petitioner's conviction in October 2003. Under normal circumstances, if petitioner failed to file a PDR, his conviction would have become

final in November 2003 and his federal habeas corpus petition would have been due in November 2004.

The time table in this case differs, however, because the Texas Court of Criminal Appeals granted petitioner the right to file an out-of-time appeal on May 10, 2006. *See Jimenez*, 129 S.Ct. at 686-87. By granting petitioner the right to file an out-of-time direct appeal the Texas Court of Criminal Appeals reopened Ortiz's case and essentially reset the clock for AEDPA purposes. *Id.*

The Texas Court of Criminal Appeals denied PDR on December 13, 2006. Petitioner had ninety days after that date to seek a writ of certiorari from the United States Supreme Court. *See Wilson v. Cain*, 564 F.3d 702, 706 (5th Cir. 2009). He did not, so finality of his conviction was "established by the expiration of the ninety-day period to seek further review with the Supreme Court." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Ninety days after December 13, 2006 was March 13, 2007. Therefore, the one-year clock for timely filing a federal habeas corpus petition began to run on March 13, 2007. *See Jimenez*, 129 S.Ct. at 686-87.

In this case, Ortiz filed three state habeas corpus petitions after March 13, 2007. Even though the first was denied and the second and third were dismissed as successive, the Court considers all of those applications properly filed for purposes of section 2244(d)(2), and therefore tolls the time period between the filing and disposition of those applications. *See Villegas*, 184 F.3d at 469. Petitioner waited until May 31, 2007, which was 79 days after the day his conviction became final, to file a state habeas corpus application. Petitioner then waited another 239 days after the disposition of his first application (on August 1, 2007) before filing his next application (on March 27, 2008). The Texas Court of Criminal Appeals dismissed that application on May 21, 2008. Petitioner's final state application was filed 435 days later, on July 30, 2009; it was dismissed as

successive on September 30, 2009. On December 18, 2009, petitioner filed the instant federal habeas corpus application.

Tolling the time periods during which petitioner had properly filed cases pending in the state courts, the one-year AEDPA time period expired on July 7, 2008.[3] Petitioner did not file his petition federally until December 18, 2009, almost a year and a half after the expiration of the statute of limitations. The instant petition is therefore time barred and should be dismissed.

*C. The Timeline in Petitioner's Case Under All Other Subparts of Section 2244(d)(1)*

Petitioner does not contend any of the other subparts of section 2244(d)(1) apply to his case. The Court has evaluated the other sections, however, and has determined none of the them would allow the instant petition to be considered timely filed. Specifically, petitioner does not allege, and this Court cannot detect, any impediment to filing the instant application created by State action, especially in light of the many state habeas corpus applications, *inter alia*, petitioner has filed since 2004. *See* 28 U.S.C. § 2244(d)(1)(B). There are no constitutional rights newly recognized by the Supreme Court that would apply to petitioner's claims. *See id.* § 2244(d)(1)(C).

Finally, there is no indication of the recent discovery of a factual predicate supporting any of petitioner's claims. Petitioner does state there is newly discovered evidence in his case in the form of a recantation affidavit, which he has filed with the Court. The affidavit was signed on June 5, 2003. (*Separate Memorandum of Law in Support of a Federal Writ of Habeas Corpus Application*, document #2, cause # 2:09-CV-315, filed Dec. 29, 2009, pg. 46). The Court does not have petitioner's previous state court filings before it. Ortiz states in the instant petition, however,

---

[3] Petitioner waited 79 days before filing his first application and another 239 days before filing his second application after the disposition of the first. This means that, after the disposition of his second application, he had accumulated 318 days towards his 365 day time limit. Put another way, he had 47 days (365 minus 318) in which to file his federal habeas corpus petition after the Texas Court of Criminal Appeals dismissed his second application on May 21, 2008. Forty-seven days after May 21, 2008 was Monday, July 7, 2008.

that in his March 2008 state habeas corpus application he raised the ground that, "newly available evidence from the complainant [sic], in the form of a recantation affidavit, establish[es] Ortiz's innocence." (*Petitioner for a Writ of Habeas Corpus by a Person in State Custody*, document #1, cause # 2:09-CV-315, filed Dec. 29, 2009, pg. 4). One state court has already evaluated the affidavit and determined it is not helpful to Ortiz. *See In re Ortiz*, No. 07-09-0129, 2009 WL 1393303 (Tex. App.—Amarillo 2009). Assuming it would be helpful to Ortiz, however, he knew of the 2003 affidavit at least as early as March 2008. If computation of the timeliness of the instant petition is based on section 2244(d)(1)(D), the petition remains time barred.[4]

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner ALVIN ORTIZ be DISMISSED as time barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

---

[4] Assuming petitioner filed the March 27, 2008 habeas corpus application as soon as he knew about the affidavit, his federal habeas corpus petition based on section 2244(d)(1)(D) would have come due one year after the May 21, 2008 disposition date of that application. Tolling the time period for his subsequent state habeas corpus application, petitioner waited 514 days before filing his federal petition.

ENTERED this 22nd day of February, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).